UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK LEYSE,<br><br>　　　　　　　　*Plaintiff*,<br><br>　　-against-<br><br>SUPERIOR ASSET MANAGEMENT, INC.,<br><br>　　　　　　　　*Defendant*. | 1:09-cv-6244<br><br>**COMPLAINT** |

## JURISDICTION AND VENUE

1.　　This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.　　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

3.　　Plaintiff, Mark Leyse, is, and was at all relevant times herein, a resident of the Southern District of New York.

4.　　Defendant, Superior Asset Management, Inc., is, and was at all relevant times herein, a corporation organized and existing under the laws of Georgia.

## FACTS

5.　　Defendant was, at all relevant times herein, a "debt collector," as that term is defined in 15 U.S.C. § 1692a(6).

6.　　Defendants, at least thirty (30) times, called Plaintiff and played a message, which was either identical, or identical in sum and substance, to the following: "This is a very important message for [name of an individual not recognized by Plaintiff]. This is not a sales or marketing call. If this is not the person we have asked for previously in this message, please hang up or disconnect now. There will now be a pause in this message. By continuing to listen to this message, you acknowledge

you are the person we asked for previously in this message. You should not listen to this message so that other people can hear it as it contains personal and private information. There will now be a pause in this message. This is Pat Barnes with Superior Asset Management. This is an attempt to collect a debt by a debt collector, and any information obtained will be used for that purpose. Please contact me regarding an important business matter at 1-800-895-2989. Again, this is Pat Barnes. Please contact me at 1-800-895-2989."

7. Upon information and belief, the aforementioned individual whose name was not recognized by Plaintiff was, at all relevant times herein, a "consumer," as that term is defined in 15 U.S.C. § 1692a(3).

8. Each of the aforementioned telephone calls constitute a "communication" as that term is defined by 15 U.S.C. 1692a(2).

## COUNT I

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692c(b)

9. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

10. Defendant's messages violated 15 U.S.C. § 1692c(b).

## COUNT II

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692d

11. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

12. Defendant's messages violated 15 U.S.C. § 1692d.

## COUNT III

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692f

13. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

14. Defendant's messages violated 15 U.S.C. § 1692f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Damages, pursuant to 15 U.S.C. § 1692k(a), in the amount of $1,000.00; and

(b) Costs, disbursements, and reasonable attorney's fees, and such other and further relief as allowed by law.

Dated: July 1, 2009

Yours, etc.,

TODD C. BANK
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
TB-6825

Attorney for Plaintiff